**Floyd W. POTTORF, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Carolyn POTTORF, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Nos. 88–4230–R, 88–4233–R.**

United States District Court,
D. Kansas.

Sept. 27, 1991.

S. Lucky DeFries, Coffman, DeFries & Nothern, P.A., Topeka, Kan., James Dudley Williams, Tulsa, Okl., for plaintiffs.

David B. Bailey, U.S. Atty.'s Office, Topeka, Kan., Charles S. Kennedy, U.S. Dept. of Justice, Office of Special Litigation–Tax Div., Washington, D.C., for defendant.

Carolyn (nmi) Pottorf, pro se.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

These are wrongful levy actions brought by the plaintiffs pursuant to 26 U.S.C. § 7426.[1] Plaintiffs claim an interest in certain condemnation proceeds which were levied upon by defendant. These cases were consolidated by the court's order of January 7, 1991. The cases are presently before the court upon defendant's motion for summary judgment and plaintiffs' motion for summary judgment. Having carefully reviewed the briefs filed by the parties, the court is now prepared to rule.

As the motions of the parties recognize, the facts pertinent to these cases are not in dispute. Pottorf Farms, Inc. (Pottorf Farms) was incorporated in Kansas in 1975. Stock was issued to Floyd Pottorf (39%), Harold Pottorf (19%), Margaret Pottorf (28%) and Carolyn Pottorf (14%). Pottorf Farms had no assets other than real property. On April 15, 1980, Pottorf Farms' articles of incorporation were forfeited for failure to pay state franchise taxes. No trustees or receivers were appointed to wind up the affairs of the corporation. The real property continued to remain titled in the name of Pottorf Farms.

On April 11, 1985, the Internal Revenue Service (IRS) made a tax assessment against Pottorf Farms for the taxable years 1979, 1980, 1981 and 1982. In September 1985, the IRS filed with the Doniphan County Register of Deeds a notice of tax liens against Pottorf Farms for $638,240.88. On December 3, 1987, the Kansas Secretary of Transportation filed a condemnation petition in the District Court for Doniphan County to acquire easements over certain real property known as Tracts 17 and 75. At the time of the condemnation proceeding, both of these tracts were titled in the name of Pottorf Farms.

Appraisers subsequently valued Tract 17 at $71,880.00 and Tract 75 at $100,380.00. The sufficiency of the amounts was not challenged. The Secretary deposited the proceeds with the clerk of the court, and the easements passed to the State of Kansas. On March 9, 1988, the IRS served a notice of levy in the amount of $638,240.88 on the Clerk of the District Court for Doniphan County seeking to collect any and all sums due Pottorf Farms. The IRS subsequently sought distribution of the funds

---

1. Case No. 88–4230–R was originally brought by Margaret Pottorf. Mrs. Pottorf died during the pendency of this action. On October 19, 1989, Floyd W. Pottorf, her husband, was substituted as plaintiff in this action. Mrs. Pottorf originally contended that the United States had wrongfully levied on the condemnation proceeds arising from the parcels of land known as Tract 75 and Tract 20. The court has previously granted summary judgment to the defendant on the plaintiff's wrongful levy claim directed at Tract 20. The only remaining claim in No. 88–4230–R concerns the proceeds arising from the condemnation action involving Tract 75.

Case No. 88–4233–R is brought by Carolyn Pottorf, Christine M. Pottorf, Mark A. Pottorf and Brian Pottorf. Plaintiffs contend that the United States has wrongfully levied on the condemnation proceeds arising from the parcel of land known as Tract 17.

tendered in the condemnation proceeding pursuant to the previously filed levy. On October 3, 1988, plaintiffs filed these actions requesting, *inter alia,* that this court determine that the IRS wrongfully levied on property which belonged to the plaintiffs, not to Pottorf Farms. On November 1, 1988, a hearing was held in the state court on the IRS' motion for distribution. After hearing argument from plaintiffs, the Doniphan County court awarded the funds representing Tracts 17 and 75 to the IRS. This ruling was affirmed by the Kansas Supreme Court. *In the Matter of the Condemnation of Land for State Highway Purposes,* 785 P.2d 1366 (1990). The Supreme Court noted that "[t]he federal courts now have jurisdiction to determine the interest of the taxpayers and other claimants to the condemnation proceeds." *Id.,* slip op. at 11 [785 P.2d 1366 (Table)].

In this action, plaintiffs claim an equitable interest in Tracts 17 and 75 by virtue of their stock ownership in Pottorf Farms. They contend that Pottorf Farms was dissolved after the forfeiture of the articles of incorporation and that the assets of the corporation were distributed pro rata to the shareholders of Pottorf Farms following the three-year corporate wind-up period. Accordingly, they argue that the proceeds of Tracts 17 and 75 were wrongfully levied by the United States because those proceeds belonged to the plaintiffs, not to Pottorf Farms.

■ A federal tax lien may attach only to the property of the person liable to pay the tax. 26 U.S.C. § 6321. A federal tax lien is wholly a creature of federal law, and the consequences of the lien that attach to property interests are matters of federal law. *United States v. Wingfield,* 822 F.2d 1466, 1472 (10th Cir.1987). However, state law controls the determination of the legal interest a taxpayer has in the property because the federal law creates no property rights but merely attaches consequences to rights created under state law. *Id.* at 1473.

■ A third party has the right to bring an action against the United States when it is shown property was wrongfully seized pursuant to levy by the IRS. 26 U.S.C. § 7426. In order to prevail in an action for wrongful levy, the third party must show (1) an interest in or lien on the property in issue, and (2) a wrongful levy. *Flores v. United States,* 551 F.2d 1169, 1171 (9th Cir.1977). Whether a taxpayer has rights in property levied upon is a factual question which must be decided upon the unique facts of the particular case. *Id.* at 1172 n. 1. A levy is wrongful where the property levied upon "does not, in whole or in part, belong to the taxpayer against whom the levy originated." *Arth v. United States,* 735 F.2d 1190, 1193 (9th Cir.1984).

Kansas law determines what rights Pottorf Farms or the plaintiffs had in Tracts 17 and 75. The question presented here is what effect forfeiture of a corporation's articles of incorporation has upon the corporation's existence and the ownership of the corporate assets.

■ Kansas law appears to draw a distinction between dissolution of a corporation and forfeiture of a corporation's articles of incorporation for nonpayment of state franchise taxes, at least concerning the ownership of corporate assets. In Kansas, a corporation which is in default of its franchise taxes is not thereby dissolved but merely suffers certain penalties. This is evidenced by the statute that provides that no corporation can be dissolved until all corporate fees and taxes have been paid by the corporation. K.S.A. 17–6806. Further evidence of this distinction is found in the statute which provides that a corporation may procure its extension, restoration, renewal or revival of its articles of incorporation *at any time* where the articles of incorporation have become inoperative by law for nonpayment of taxes. K.S.A. 17–7002(a)(2). These statutes reflect the clear intent of the Kansas legislature to draw a distinction between dissolution of a corporation and forfeiture of a corporation's articles of incorporation. If the forfeiture of a corporation's articles of incorporation effected a dissolution, there would be no need for payment of delinquent taxes prior to dissolution and no need for reinstate-

ment of the corporation. The statute authorizing reinstatement clearly suggests that forfeiture does no more than forfeit the corporate right to do business and does not extinguish the corporation as a legal entity.

■ The statute relied upon by the plaintiffs, K.S.A. 17–6807, does raise some questions concerning the aforementioned discussion. This statute provides as follows:

**Continuation of corporation after dissolution for purposes of settling and closing business affairs.** All corporations, whether they expire by their own limitation or are otherwise dissolved, including revocation or forfeiture of articles of incorporation pursuant to K.S.A. 17–6812 or 17–7510, and amendments thereto, shall be continued, nevertheless, for the term of three years from such expiration or dissolution or for such longer period as the district court in its discretion shall direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized. With respect to any action, suit or proceeding begun by or against the corporation either prior to or within three years after the date of its expiration or dissolution, the action shall not abate by reason of the dissolution of the corporation; and the corporation shall, solely for the purpose of such action, suit or proceeding, be continued as a body corporate beyond the three-year period and until any judgments, orders or decrees thereon shall be executed, without the necessity for any special direction to that effect.

Plaintiffs suggest that this statute equates forfeiture of the articles of incorporation with dissolution. They argue that K.S.A. 17–6807 requires that all corporate property be returned to the stockholders following the three-year winding-up period, regardless of whether the property was actually conveyed to the stockholders.

Arguably, there is some support for the plaintiffs' position in Kansas case law, at least as to the proposition that forfeiture of the articles of incorporation is the equivalent of dissolution. In *Patterson v. Missouri Valley Steel, Inc.*, 229 Kan. 481, 625 P.2d 483 (1981), the Kansas Supreme Court considered K.S.A. 17–6807 in determining whether a dissolved corporation could be sued after the expiration of the three-year wind-up period. The Court concluded, based on K.S.A. 17–6807, that the dissolved corporation could not sue or be sued after the expiration of this period, absent a court-ordered extension of the wind-up period, or the appointment of a trustee or receiver for the corporation. 625 P.2d at 490–91. In reaching this conclusion, the Court, in *dicta*, made some statements that might suggest that forfeiture of the articles of incorporation is comparable to dissolution. The Court clearly did not have to make such statements because the corporation involved in *Patterson* had not had its articles of incorporation forfeited, but had actually been voluntarily dissolved. In its analysis, the Kansas Supreme Court examined several Delaware cases because the Kansas Corporation Code was patterned after the Delaware Corporation Code. The Court noted at least one case which is very similar to the situation in the instant case: *Wax v. Riverview Cemetery Co.*, 41 Del. (2 Terry) 424, 24 A.2d 431 (Super.Ct.1942). In *Wax*, the court considered whether a holding company whose charter had been revoked nine years ago for failure to pay franchise taxes could be sued in a foreclosure action on real estate that it once held title to and had given a mortgage on. The Delaware court held that the holding company was subject to suit because the forfeiture of the corporate charter did not extinguish the corporation as a legal entity, and thus the corporation could continue to serve as a repository of title. The court determined that the forfeiture of the corporate charter for the failure to pay taxes only forfeited the holding company's right to do business.

The Kansas Supreme Court noted that K.S.A. 17–6807 had been amended in 1972 (actually the amendment was in 1973) to include the language concerning revocation or forfeiture of the articles of incorporation as an apparent response to *Wax* and other prior Delaware cases. The Court went on to hold that the courts in this state should follow the teachings of *Johnson v. Helicopter & Airplane Services Corp.*, 404 F.Supp. 726 (D.Md.1975), in which the court held that a dissolved corporation could not sue or be sued after expiration of the wind-up period, absent court-ordered extension of the wind-up period or the appointment of a trustee or receiver for the corporation. In *Johnson,* the court distinguished the earlier Delaware cases on the ground that they dealt with involuntary dissolution and were based on a fiction of corporate capacity intended to preserve the marketability of title to real property. 404 F.Supp. at 735.

 We do not believe that K.S.A. 17–6807 or the *dicta* in *Patterson* controls this case. The question here is whether a corporation whose articles of incorporation have been forfeited retains legal title to its assets until a proper conveyance to the shareholders is made. We have no doubt pursuant to K.S.A. 17–6807 and *Patterson* that Pottorf Farms could not sue or be sued after April 15, 1983, the expiration of the three-year wind-up period. Nevertheless, in this case we are not concerned with whether Pottorf Farms could sue or be sued. We are only concerned with whether Pottorf Farms continued to hold title to the real property that was the subject of the condemnation action. We believe based on our earlier discussion that Kansas law provides that title to the property remains with the corporation absent a proper conveyance of the property to the shareholders. Without formal dissolution, Pottorf Farms remained the repository of title for the real property. Given the particular facts of this case, we believe that the Kansas Supreme Court would also reach this result. *See, e.g.,* 16A W. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 7997 (1988); *United States v.*

*Northeastern Pharmaceutical and Chemical Co., Inc.,* 810 F.2d 726 (8th Cir.1986), *cert. denied,* 484 U.S. 848, 108 S.Ct. 146, 98 L.Ed.2d 102 (1987); *In re Russell,* 123 B.R. 48 (Bankr.W.D.Ark.1990); *Mayflower Restaurant Co. v. Griego,* 741 P.2d 1106 (Wyo. 1987); *Duncan v. Jones,* 450 N.E.2d 1019 (Ind.App.1983). Accordingly, the levies imposed by the IRS on Tracts 17 and 75 were proper. The United States is entitled to summary judgment on plaintiffs' wrongful levy claims.

IT IS THEREFORE ORDERED that defendant's second motion for summary judgment by hereby granted. Judgment shall be entered for the defendant and against the plaintiffs.

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment be hereby denied.

IT IS SO ORDERED.