982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Floyd W. POTTORF, Carolyn Pottorf, Christine M. Pottorf,
Mark A. Pottorf, and Brian L. Pottorf, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 91-3365, 91-3366.
 United States Court of Appeals, Tenth Circuit.
 Dec. 7, 1992.
 
 Before SEYMOUR and JOHN P. MOORE, Circuit Judges, and BURCIAGA, District Judge.*
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 Plaintiffs Floyd W. Pottorf and Carolyn Pottorf appeal the district court's summary judgment in favor of the United States. We affirm.
 
 
 2
 In 1980, Pottorf Farms, Inc., a Kansas corporation, forfeited its articles of incorporation for failing to pay state franchise taxes. In 1985, the IRS assessed taxes against Pottorf Farms and filed a notice of tax liens in the land records. Property owned by Pottorf Farms was condemned in 1987 by the state for the purpose of acquiring easements. In March, 1988, the IRS filed a notice of levy with the state court and moved to obtain the proceeds of the condemnation. In October of that year, this federal action was filed by plaintiffs, who are stockholders in Pottorf Farms, asserting that the IRS levy was wrongful, that they owned an interest in the corporate property, and that they are therefore entitled to the condemnation proceeds. In November, 1988, a hearing was held in state court on the IRS motion for distribution and the proceeds were awarded to the IRS pursuant to federal tax liens on the property for unpaid taxes in 1979, 1980, 1981, and 1982. The Pottorfs appealed to the Kansas State Supreme Court, which affirmed the state district court ruling granting the proceeds to the IRS. Both the state district court and the Kansas Supreme Court stated that the question of the rights of various claimants to the proceeds could properly be decided in federal court.
 
 
 3
 The Pottorfs have consistently claimed that they, as shareholders of the defunct Pottorf Farms corporation, own title to the properties in question. Therefore, claim the Pottorfs, the IRS could not place a lien on these properties to recover the taxes owed by Pottorf Farms. The federal district court determined that this issue hinged on the interpretation of Kansas corporation law regarding the existence and rights of corporations that have forfeited articles of incorporation due to failure to pay the tax. The district court held that under the Kansas statutes, when a corporation forfeits its articles of incorporation, the delinquent corporation loses its right to do business as a corporation. See Kan.Stat.Ann. § 17-7510(b) (1988). Nevertheless, Kansas law permits the corporation to act for three years for the limited purpose of "winding up" its business. See id. § 17-6807. During that period, the corporation may prosecute and defend suits, discharge its liabilities, and dispose of its property. Id. The three year period may be extended by the court, id., and a trustee or receiver may be appointed to carry out the dissolution, § 17-6808. Moreover, the federal district court determined that although a corporation which has forfeited its articles has lost the right to do business, it still exists as a legal entity for the purpose of paying its debts and disposing of its assets. The court specifically relied on the Kansas statutes regarding forfeiture which expressly provide for the revival of a corporation that fulfills its tax obligation. See id. § 17-7002(a)(2).
 
 
 4
 The Pottorfs appeal the federal district courts' summary judgment in favor of the United States, claiming that the court erred by improperly applying Kansas law, which the Pottorfs interpret as permitting property of a defunct corporation to pass to its shareholders by operation of law when its articles of incorporation are forfeited. We have carefully reviewed the Pottorf's arguments and we are not persuaded that the district court misinterpreted Kansas law. The court decided, and we agree, that forfeiture of the articles of incorporation does not result in the corporation losing legal title to its corporate assets. Therefore, the proceeds from the condemnation proceedings were the property of Pottorf Farms. The IRS had a valid tax lien on those proceeds and was properly awarded the funds by the state district court.
 
 
 5
 The judgment of the district court is AFFIRMED substantially for the reasons given by the court in its Memorandum and Order dated September 26, 1991.
 
 
 
 *
 The Honorable Juan G. Burciaga, Chief United States District Judge for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3