**UNITED STATES of America, Plaintiff,**

v.

**Harold L. POTTORF, et al., Defendants.**

**No. 93–2102–JWL.**

United States District Court,
D. Kansas.

May 9, 1994.

Nora Foster Quitno, Office of U.S. Atty., Kansas City, KS, Charles S. Kennedy, III, Jaye Rooney, U.S. Dept. of Justice, Office of

Special Litigation-Tax Div., Washington, DC, for plaintiff U.S.

Harold L. Pottorf, pro se.

Floyd W. Pottorf, pro se.

Carolyn (nmi) Pottorf, pro se.

Margaret Pottorf, pro se.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. Introduction

This matter involves a civil action to reduce to judgment certain outstanding federal tax assessments against defendants Harold L. Pottorf and Floyd W. Pottorf and to foreclose federal tax liens against certain real property of defendants. The matter is currently before the court on the United States' motion for partial summary judgment (Doc. # 38). In its motion, the United States seeks partial summary judgment dismissing that portion of defendants' counterclaim seeking the recovery of condemnation proceeds. For the reasons set forth below, the United States' motion for partial summary judgment is granted.

### II. Factual Background

The current action is only the latest round in an ongoing saga of disputes and litigation between the IRS and the defendants that has continued for over a decade. In order to understand the present posture of the parties, it is necessary to review the history which has led these litigants to this action.

On April 11, 1985, the IRS made tax assessments against Harold Pottorf, Floyd Pottorf, and Pottorf Farms, Inc. The assessments covered the years 1980 through 1982 and, including penalties, were in excess of $480,000.00 against Harold Pottorf, $25,000.00 against Floyd Pottorf, and $400,000.00 against Pottorf Farms, Inc. On the dates of the assessments set forth above, federal tax liens arose and attached to all property and rights to property belonging to the defendants. Notices of the federal tax liens were filed with the respective Register of Deeds in Doniphan County, Kansas, Brown County, Kansas, and with the Kansas Secretary of State.

The tax assessments arose out of farming operations conducted by defendants Harold Pottorf and Floyd Pottorf in Kansas. Most of the farm land used in the farming operations was historically titled to Floyd Pottorf and his wife Margaret. In 1975, the corporation Pottorf Farms, Inc. was formed. Shareholders of the corporation included Floyd, Margaret, Harold and Carolyn Pottorf. Thereafter, farming operations were conducted through the corporation. In 1978, some of the land owned by Floyd and Margaret Pottorf was conveyed to the corporation. The corporation ceased filing tax returns after the tax period ending September 30, 1978. In 1979, the IRS began an audit of some of the corporate returns. In 1980, the corporation forfeited its articles of incorporation for failure to pay state franchise taxes. No receiver or trustee was appointed to wind up the corporate affairs, and some of the farm land is still titled to the corporation.

On December 3, 1987, the State of Kansas filed a condemnation petition in the state district court for Doniphan County to acquire easements on some real property owned by Pottorf Farms. The condemnation proceeds of approximately $172,260.00 were deposited with the clerk of the state court. Pursuant to a notice of levy in the amount of $683,240.88 which the IRS served upon the clerk of the court on March 9, 1988, the state court, after a hearing, awarded the levied funds to the IRS.

In October of 1988, defendants Floyd Pottorf and Carolyn Pottorf brought wrongful levy actions in this Court. In the consolidated cases, the Honorable Richard D. Rogers of this Court held that Pottorf Farms held title to the real property that was the subject of the condemnation proceeding, and that the levy on the condemnation proceeds was proper. This ruling was affirmed by the court of appeals for the Tenth Circuit. The levied funds, which totalled $176,509.92, were applied to the tax liabilities of Pottorf Farms.

In the present case, the United States seeks to reduce the assessments against Harold Pottorf and Floyd Pottorf to judgment, to foreclose the tax liens against real property owned by Harold Pottorf and Floyd Pot-

torf located in Brown County and Doniphan County, Kansas, and for court ordered sales of the real property. The United States is not attempting to reduce the remaining assessments against Pottorf Farms to judgment because, according to the government, in the prior wrongful levy action, this court found that the corporation was not, after April 15, 1983, an entity subject to suit. The United States therefore proposes to abate the remaining 1981 and 1982 tax assessments against the corporation.

In the final pretrial order approved by the magistrate in this case, defendants have brought a counterclaim against the United States regarding the condemnation proceeds.[1] In their counterclaim, defendants contend that the transfer of the real property from Floyd and Margaret Pottorf to the corporation was never consummated. Consequently, defendants contend that the condemnation award should have properly been applied to any assessed liability of Floyd Pottorf and not that of Pottorf Farms, Inc., and that any excess should have been payable to Floyd and Margaret Pottorf. Defendants also contend that the assessments against Pottorf Farms were improper because the corporation was defunct under Kansas law during the years for which the assessments were made.

In its motion for partial summary judgment, the United States contends that the defendants are barred by the doctrine of res judicata from raising the issue of whether the IRS wrongfully levied on the condemnation proceeds. Further, the United States urges that to the extent defendants are seeking a refund of the condemnation proceeds levied upon, this court lacks jurisdiction to consider the refund issue because no claims for refund have been filed, and the time for doing so has expired.

### III.   Summary Judgment Standards

 A motion for summary judgment gives a judge an initial opportunity to assess the need for a trial without weighing the evidence or determining credibility. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512.

 The party who files a motion for summary judgment has the initial burden of demonstrating the absence of a genuine issue of material facts concerning its claims. This burden may be met by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. The nonmoving party may not simply rest on its pleadings in the case but has the affirmative duty to come forward with facts to establish that a genuine issue exists necessitating a trial in the case. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determina-

---

1. Although defendants failed to raise their counterclaim in their answer to the complaint, the counterclaim is properly before the court in this case because it was included in the final pretrial order that was approved by the magistrate.

tion of every action.' Fed.R.Civ.P. 1." *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555.

## IV. Discussion

■■■■ The court finds that the defendants' argument that the condemnation proceeds were not properly applied is barred by the doctrine of res judicata. The doctrine of res judicata provides that when a court of competent jurisdiction has entered a final judgment on a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *C.I.R. v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) (*quoting Cromwell v. Sac County*, 94 U.S. 351, 352, 24 L.Ed. 195 (1876)).

■■■■ The issue of whether defendants are entitled to the levied funds is the exact issue that was litigated in the wrongful levy actions brought by defendants Floyd and Carolyn Pottorf in this court in 1988. *Pottorf v. United States*, 773 F.Supp. 1491 (D.Kan. 1991), *aff'd.* 982 F.2d 529 (10th Cir.1992). In that case, the Pottorfs argued that the IRS had wrongfully levied on funds belonging to the Pottorfs, as shareholders of the corporation. The Pottorfs alleged that the corporation was dissolved in 1980 when it forfeited its articles of incorporation for nonpayment of state franchise taxes, and the real property titled to the corporation passed, by operation of law, to its shareholders upon dissolution. This court found that the corporation was not dissolved upon forfeiture of its articles of incorporation, and that the corporation could not be dissolved, under Kansas law, until it paid its delinquent taxes. *Pottorf*, 773 F.Supp. at 1493–94. Accordingly, this court found that the corporation held title to the real property condemned, and that the IRS's levy on the condemnation

proceeds was proper. *Id.* at 1495. Because the very issue the Pottorf's seek to raise in this case was decided in the earlier wrongful levy actions, the Pottorfs are barred by the doctrine of res judicata from attempting to relitigate the same issue in this case.[2]

■■■■ In their response, defendants advance several arguments that the tax assessments against Pottorf Farms, Inc. were improper, and that consequently defendants are due a refund for some or all of the condemnation proceeds that were levied upon by the IRS. To the extent their counterclaim contained in the pretrial order could be read to encompass such claims, the court finds that it lacks jurisdiction to hear such claims. Filing a timely claim for refund is a jurisdictional prerequisite to maintaining a tax refund suit. 26 U.S.C. § 7422; *United States v. Dalm*, 494 U.S. 596, 601–02, 110 S.Ct. 1361, 1364–65, 108 L.Ed.2d 548 (1990). A claim for refund is timely only if filed within three years of the time a return is filed, or, if no return is filed by the taxpayer, within two years from the date the tax was paid. 26 U.S.C. § 6511(a). Because the corporation did not file tax returns for the years in question, the two-year period applies. The tax was paid on December 14, 1988 when the levied funds were applied to the corporate tax liabilities. No refund claims were filed within two years of the time the tax was paid. Accordingly, this court lacks jurisdiction over any claim for refund of the tax.

Finally, in their response, defendants argue that they had no chance to challenge the merits of the tax assessments against Pottorf Farms, Inc. in any prior court action. The court finds no merit to this argument. As defendants' exhibit 4 attached to their response brief shows, on November 13, 1984, the United States properly issued a Notice of Deficiency to Pottorf Farms, Inc. with respect to the tax liabilities for 1979–1982, which gave the taxpayer 90 days to challenge

---

2. The fact that Harold Pottorf was not a party to the wrongful levy actions brought by his wife Carolyn Pottorf and his father Floyd Pottorf does not allow him to raise the issue here. As a shareholder of the corporation, he is bound by the court's earlier ruling since he could have, but did not, join in those actions. Harold Pottorf did file a separate action in this court in 1988 in which he sought to "quiet title" to some of the real property which was the subject of the state condemnation action. Since this court found that the tax liens no longer attached to the real property as a result of the condemnation action, his complaint was dismissed for lack of jurisdiction, and that ruling was affirmed on appeal.

the merits of the tax liabilities in the United States Tax Court, without paying any of the tax first. Defendants chose not to avail themselves of that opportunity. Similarly, defendants failed to bring an action for refund within the allotted time following the application of the levied funds to the corporate tax liabilities. The court believes that regardless of whether the actions taken by defendants throughout their dispute with the IRS were based on a sincere but misguided belief that their actions were proper, or were based on malice and contempt for the IRS, defendants most likely did not realize the serious consequences that their actions would entail. The present situation of defendants is not, however, the result of an inability by defendants to challenge the IRS's actions. Rather, it is the result of the course of action defendants consciously chose to pursue.

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** the United States' motion for partial summary judgment (Doc. # 38) is granted. Defendants' claims contained in the pretrial order that the IRS wrongfully levied on the condemnation proceeds and that the assessments against Pottorf Farms, Inc. were improper, therefore entitling defendants to a refund, are dismissed.

**IT IS SO ORDERED.**