(993 P.2d 648)

No. 80,576

DONIPHAN COUNTY, KANSAS, *Appellant,* v. HOWARD MILLER
d/b/a HOWARD MILLER, LTD. d/b/a SUNFLOWER VILLAGE,
LTD., Partnership, *Defendant,* and ATCHISON HOSPITAL
ASSOCIATION, a Corporation, *Appellee.*

Opinion filed
December 17, 1999.

*William R. McQuillan,* of Euler & McQuillan, L.L.P., of Troy, for appellant.

*Alan M. Boeh,* of Reeder & Boeh, Chartered, of Troy, for appellee.

Before ELLIOTT, P.J., TOM MALONE, District Judge, assigned, and
PATRICK D. MCANANY, District Judge, assigned.

ELLIOTT, J.: Doniphan County (County) appeals the trial court's
ruling quashing garnishment and attachment proceedings involving
property owned by Atchison Hospital Association (AHA).

We affirm.

The material facts are undisputed. Howard Miller was the sole
shareholder of Howard Miller Development Company, Inc. (Mil-
ler Development). Miller Development was a Missouri corporation
transacting business in Kansas. In 1990, Miller Development for-
feited its authority to transact business in Kansas for failing to file
its annual report and pay its franchise tax. For similar reasons, it
also forfeited its authority to transact business in Missouri.

In 1994, Miller Development sold a tract of land to Atchison
Medical Services, Inc. In 1996, AHA acquired the realty upon
which it now operates a medical clinic. In 1993, the County took

a judgment against Howard Miller (Miller), individually, for unpaid taxes. The judgment went unsatisfied and in 1997, the County requested a writ of general execution and an order for attachment against Miller as defendant, and AHA as garnishee.

The County contends that at the time Miller Development transferred realty 0to Atchison Medical Services, it had no corporate existence and, thus, could not convey the property. Accordingly, the County argues the deed was invalid to Atchison Medical Services and, therefore, as to AHA. The County claims title to the land reverted to Miller, individually, as sole shareholder of the corporation and, thus, was subject to attachment.

AHA claims that at the time Miller Development transferred title to the realty to Atchison Medical Services, it was not liable for any delinquent taxes and no tax liens were pending against it.

Initially, the County claims AHA lacks standing because it is not the real party in interest. Standing means a party has sufficient interest in a justiciable controversy to obtain judicial resolution of the controversy. *Joe Self Chevrolet, Inc. v. Board of Sedgwick County Comm'rs*, 247 Kan. 625, 629, 802 P.2d 1231 (1990). AHA became a party to the suit when it was named as a party by the County in an attempt to have AHA's property sold to satisfy the judgment. AHA has standing.

In granting AHA's motion to quash, the trial court relied on *Pottorf v. U.S.* 773 F. Supp. 1491 (D. Kan. 1991), *aff'd* 982 F.2d 529 (10th Cir. 1992). The County agrees Kansas law applies and seeks to distinguish *Pottorf*.

In *Pottorf*, Judge Rogers held that where the articles of incorporation have been forfeited, the corporation retains legal title to its assets until a proper conveyance is made. Judge Rogers concluded that without "formal dissolution, [the corporation] remained the repository of title for the real property." 773 F. Supp. at 1495.

We agree with Judge Rogers' interpretation of Kansas law; therefore, the trial court properly held Miller Development validly transferred title to Atchison Medical Services, which in turn transferred title to AHA. The County's efforts to attach the subject realty as property of Miller individually must fail.

Finally, both appellant and appellee cite Missouri statutes and cases regarding the period of wind-up following a corporation's dissolution. The discussions are irrelevant because there's no documentary evidence in the record indicating Miller Development dissolved. The trial court's oral ruling supports the proposition that Miller Development did not dissolve. The trial court's decision is premised on the fact Miller Development did not dissolve but merely forfeited its articles. The *Pottorf* court also relied on an identical distinction. 773 F. Supp. at 1495.

Affirmed.