BH HOLDINGS, LLC, Appellant,

v.

**BANK OF BLUE VALLEY,**
**Respondent.**

**No. WD 72664.**

Missouri Court of Appeals,
Western District.

April 26, 2011.

---

**5.** Respondents' motion to dismiss was previously taken with the case. It is now denied.

Before Division II: JAMES M. SMART, JR., Presiding Judge, and MARK D. PFEIFFER and CYNTHIA L. MARTIN, Judges.

MARK D. PFEIFFER, Judge.

BH Holdings, LLC ("BH") appeals from the Circuit Court of Jackson County's ("trial court") dismissal of its petition against the Bank of Blue Valley ("Bank") without prejudice. Because the dismissal of BH's petition without prejudice is not a final judgment for purposes of appeal, we lack jurisdiction and dismiss.

### Facts and Procedural History[1]

The Bank advanced funds to BH and received a security interest in certain property located at 20203 State Road D, Belton, Missouri, as evidenced by a Deed of Trust dated August 27, 2002. On September 29, 2006, the promissory note and any outstanding amount due the Bank was paid in the approximate amount of $120,000, at which time BH requested that the Bank provide a release on the Bank's lien. On December 4, 2006, the Bank filed a Release of the Deed of Trust.

BH had secured a buyer for the property for $300,000, but the sale was contingent upon a timely release of the lien. Because the lien was released on December 4, 2006, over sixty days after the mortgage was paid, the potential buyer rescinded his offer, and BH had to refund the buyer's earnest money. Subsequently, BH sold the property for $194,000.

On January 25, 2010, BH filed its Third Amended Petition ("Petition") against the Bank alleging damages suffered in the amount of $106,000. The Petition contained two counts, both founded on the

James C. Wirken and Christopher B. Wirken, Kansas City, MO, for Appellant.

Stewart M. Stein and Megan McCurdy, Kansas City, MO, for Respondent.

1. When considering an appeal from the dismissal of a petition, this court construes the petition liberally and views all alleged facts as true and in a light most favorable to the plaintiff. *Shapiro v. Columbia Union Nat'l Bank & Trust Co.,* 576 S.W.2d 310, 312 (Mo. banc 1978).

Bank's alleged failure to timely file a deed of release.

Although the trial court's docket entry for March 1, 2010, is silent, and BH has not provided us with a transcript of the proceedings below, subsequent pleadings reflect that March 1 was the scheduled trial date. It was at that time the Bank first raised the issue of BH's standing. The trial court granted both parties an opportunity to provide written legal suggestions in support of their respective positions.

On March 8, 2010, the Bank filed a motion to dismiss for lack of standing. The Bank alleged that BH: "(1) is not the real party interest, and thus, does not have standing to prosecute this case, and (2) is a forfeited entity, not in good standing, and thus barred from bringing this action."

BH was a Kansas limited liability company that had its articles of organization forfeited on July 15, 2009, for failure to file its annual report and pay fees due the Kansas Secretary of State. BH had two members, DHE, Inc., and Residential Property Investments, LC ("RPI"). RPI was a Kansas limited liability company that was also in forfeited status as of July 15, 2009. RPI is the managing member of BH and, pursuant to the BH Operating Agreement, has the right and power to conduct the business and affairs of the company. RPI's sole member is Daniel T. Brewer ("Brewer"). On July 30, 2009, Brewer filed Chapter 7 bankruptcy.

On April 14, 2010, the trial court granted the Bank's motion to dismiss and dismissed BH's petition without prejudice. BH appeals.

**Jurisdiction**

■■■ Dispositive of this appeal is the preliminary issue of our jurisdiction. "A reviewing court has a duty to determine its jurisdiction *sua sponte*." *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). "A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." Rule 67.01.[2] Accordingly, the general rule is that a dismissal without prejudice is not a final judgment from which an appeal may be taken. *Chromalloy Am. Corp.*, 955 S.W.2d at 3.[3] There are, however, a few exceptions to this general rule in which dismissals without prejudice have been found appealable. For example, when the effect of the judgment is to dismiss the action and not merely the pleading, the judgment is final and appealable. *Doe v. Visionaire Corp.*, 13 S.W.3d 674, 676 (Mo. App. E.D.2000).

■■■ In this case, the trial court dismissed BH's Petition without specifying the basis for its dismissal. Under these circumstances, we presume it was based on the grounds alleged in the motion to dismiss. *Walters Bender Strohbehn & Vaughan, P.C. v. Mason*, 316 S.W.3d 475, 478 (Mo.App. W.D.2010). We now examine whether BH may cure the dismissal by filing another lawsuit or whether the dismissal had the practical effect of terminating BH's action.

**Analysis**

■■■ According to Missouri law, Kansas law applies to the organization and internal affairs of BH, a Kansas limited liability company:

---

**2.** All rule citations are to the Missouri Rules of Civil Procedure (2010), unless otherwise indicated.

**3.** An aggrieved party may only appeal from a final judgment. § 512.020(5), RSMo 2000.

(1) The laws of the state or other jurisdiction under which a foreign limited liability company is organized govern its organization and internal affairs and the liability of its members[.]

§ 347.151, RSMo Cum.Supp.2010. K.S.A. 17–76,139(a)[4] requires every limited liability company ("LLC") formed in Kansas to file an annual report with the Kansas Secretary of State. If an LLC fails to file its annual report within ninety days of the report's due date, the articles of organization of the LLC will be deemed forfeited. K.S.A. 17–76,139(d). The LLC may, however, be reinstated by filing a certificate of reinstatement and paying a fee and all penalties. *Id.* The reinstatement relates back to and takes effect as of the effective date of the forfeiture. K.S.A. 17–76,139(e). When the reinstatement is effective, the LLC may resume its business as if the forfeiture had never taken place. *Id.*

█ Kansas law draws a distinction between *forfeiture* of a corporation's articles of incorporation and *dissolution* of a corporation. *Pottorf v. U.S.,* 773 F.Supp. 1491, 1493 (D.Kan.1991). In Kansas, a corporation that defaults in payment of its franchise taxes, for example, is not dissolved but merely suffers certain penalties. *Id.* This distinction is evidenced by K.S.A. 17–7002(a)(2), which provides that a corporation may have its articles of incorporation restored at any time where the articles have become inoperative by law for nonpayment of taxes. *Id.* It necessarily follows that if forfeiture of a corporation's articles of incorporation effected a dissolution, there would be no need for reinstatement. *Id.* Thus, "mere forfeiture of a corporation's articles of incorporation by the State of Kansas for failure to file report or pay fees does not automatically dissolve the corporation." *Hartford Fire Ins. Co. v. P & H Cattle Co., Inc.,* 2005 WL 3627053, at *4 (D.Kan. Dec.29, 2005). Further, the Kansas statute authorizing reinstatement dictates that, upon forfeiture status, an LLC can no longer claim that it is an LLC when filing court pleadings.

BH suggests that forfeiture of the articles of organization means that BH has been dissolved or is in the process of winding up. There is nothing in the record to justify that assumption. K.S.A. § 17–76,-116–117 governs the dissolution of an LLC, and K.S.A. § 17–76,118 governs its winding up. Forfeiture of BH's articles of organization due to the failure to file an annual report or pay related fees to the Kansas Secretary of State is not an event specified under § 17–76,116–117 triggering dissolution, and therefore, there is no indication that BH is in the winding-up process.

Accordingly, we conclude that the Judgment dismissing BH's Petition without prejudice did not have the practical effect of terminating the action. Although a dismissal without prejudice based on a lack of standing has been held to have the practical effect of prohibiting the plaintiff from filing another action, *Siefert v. Leonhardt,* 975 S.W.2d 489, 492 n. 1 (Mo.App. E.D. 1998), we do not find this to be one of those situations.

BH has within its power to refile this action if: (1) it files a certificate of reinstatement in the manner and form prescribed by Kansas statutes and pays all fees and penalties due to the State of Kansas; or, (2) it proceeds to dissolution under one or more of the grounds enumerated in K.S.A. § 17–76,116–117 and, until indicated.

4. All statutory references are to 2 Kansas Statutes Annotated (2007), unless otherwise

344

the filing of a certificate of dissolution, the person or entity winding up its affairs "may, in the name of, and for and on behalf of, the limited liability company, prosecute and defend suits." K.S.A. § 17–76,118.

Nothing in the trial court's dismissal precludes BH from filing a new petition and seeking a judgment on the merits.[5] Accordingly, the trial court's dismissal without prejudice is not a final and appealable judgment.

### Conclusion

The appeal is dismissed.

JAMES M. SMART, JR., Presiding Judge, and CYNTHIA L. MARTIN, Judge, concur.

Before Division II: JAMES M. SMART, JR., Presiding Judge, and MARK D. PFEIFFER and CYNTHIA L. MARTIN, Judges.

---

**5.** We refrain from discussing the merits of this action because the parties have not had an opportunity for a hearing thereon. However, at such time as the merits of this dispute may be decided, we note that Missouri law governs the ownership and conveyance of

property in Missouri, and we note that section 443.130, RSMo Cum.Supp.2010, applies to any dispute related to an alleged disagreement over a secured party's failure to timely file a deed of release relating to property located in Missouri.