**Frank VISCONI, Appellant,**

v.

**Charles SHANTAG, et al., Respondents.**

**No. WD 74341.**

Missouri Court of Appeals, Western District.

Aug. 14, 2012.

---

Frank Visconi, Appellant Pro Se.

Jeffrey David Hanslick, Kansas City, MO, and Samuel Killeffer, Respondent Pro Se.

Before Division Three: JAMES M. SMART, JR., P.J., VICTOR C. HOWARD and JAMES E. WELSH, JJ.

PER CURIAM:

Frank J. Visconi appeals the judgment of the Circuit Court of Nodaway County dismissing without prejudice his petition filed against Charles and Mary Shantag and a non-resident defendant purporting to assert claims of defamation, intentional infliction of emotional distress, and invasion of privacy. Mr. Visconi claims that the defendants defamed him on their internet website by accusing him of falsely embellishing and exaggerating his military service record. Because Mr. Visconi has attempted to appeal a ruling that is not a final judgment, and fails to demonstrate why the appeal should not be dismissed, we dismiss the appeal.

Mr. Visconi's *pro se* petition is twenty-six pages of single-spaced typing in narrative form which is, unfortunately, very tedious and difficult to read and follow. The petition, which is not broken into counts and has no numbered paragraphs, contains an unsorted mixture of factual background (including such things as an extensive discussion of the flooding of his basement causing him to throw out military memorabilia), seemingly irrelevant anecdotes, and expressions of opinion, with no attention given to setting out elements of causes of action. The essence of the untutored petition is that the defendants have accused Visconi on their website of falsifying his military service record and have conspired to harass him, causing him personal injury. Visconi, who put much effort into his pleading, gives no attention to following the rules of pleading in a Missouri court.

Defendants Shantag, who found it extremely difficult to know how to respond to the petition by admitting or denying the statements therein, moved for dismissal for failure to state a claim, and for failure to comply with Supreme Court Rule 55.05, which requires a "short and plain statement of the facts showing that the pleader is entitled to relief." On September 8, 2011, the circuit court, after reviewing the motion, granted an "order of dismissal without prejudice."

Shortly thereafter, Mr. Visconi attempted to appeal the dismissal without preju-

dice. This Court informed Mr. Visconi that the order appealed from was not a final, reviewable judgment. The letter allowed Mr. Visconi several weeks to obtain a final judgment or to explain why the court should not dismiss his appeal.

Thereafter, Mr. Visconi filed a motion in the circuit court for a modification of the order dismissing his case by denominating the dismissal as a "judgment." On October 13, 2011, the circuit court entered an order entitled "corrected judgment of dismissal," which reads in pertinent part as follows:

> On the 8th day of September, 2011, this Court entered its "Order of Dismissal without Prejudice." Within the time that the court has control of its judgment, Plaintiff Visconi filed a Request for Final Judgment. Upon review of the file, the Court does find that the "Order of Dismissal without Prejudice" that was entered by this court is not an appropriate order finalizing the case in that it is not referred to as a judgment.
>
> Because of this error by the Court, the Court does enter the following judgment.
>
> The Court, after review of Defendants' Motion to Dismiss and/or Answer to Plaintiff's Petition for Damages and the file in its entirety, does sustain Defendant's Motion to Dismiss for failure to state a cause of action without prejudice. Costs taxed to Plaintiff.

In the meantime, after Visconi obtained his "corrected judgment of dismissal," this Court dismissed Visconi's appeal for lack of a final judgment. Five days later, Visconi filed a motion to reinstate the appeal, arguing that the "corrected judgment of dismissal" that he obtained from the circuit court authorized his appeal. This Court reinstated the appeal on November 15, 2011.

Thereafter, Respondents Shantag filed a motion to dismiss the appeal for lack of a final judgment, which was taken with the case.

■ The circuit court's initial order and subsequent "judgment of dismissal" were rulings that were both expressly *without* prejudice and operated only to dismiss the pleading subject to a right to replead the cause. The circuit court never purported to address the merits of any claims Visconi attempted to assert.

■ Final judgments are appealable. § 512.020, RSMo. A final judgment disposes of all parties and resolves all issues in the case, leaving nothing for future determination. *Parker v. American Publ'g Co.*, 314 S.W.3d 798, 801 (Mo.App.2010). While interlocutory trial court rulings may be appealed if specifically authorized by statute, we find no statutory provision generally authorizing the appeal of a dismissal without prejudice for failure to state a cause of action or for non-compliance with Rule 55.05. A dismissal without prejudice, by definition, is not prejudicial to a plaintiff's ability to re-file the petition. *See* Rule 67.01. Such a ruling dismisses the pleading but does not address the merits of the case. *See BH Holdings, LLC v. Bank of Blue Valley*, 340 S.W.3d 340, 342 (Mo.App.2011).

■ An exception to the general rule that dismissals without prejudice are not final judgments can exist when a dismissal has the practical effect of terminating the litigation so that the filing of a subsequent petition would result in a determination that the refiled pleading is barred by *res judicata* or some other legal bar (such as, for instance, a bar of the statute of limitations). *See Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997).

This is not a case in which Appellant Visconi shows that he must effectively "stand on his pleading" because of a lack of practical ability to bring himself within greater compliance with pleading rules. Visconi points to nothing that would preclude him from 1) properly pleading his petition in compliance with Rule 55.05, and 2) properly pleading his petition by setting forth the elements of his respective purported causes of action.

The 1995 amendment to Rule 74.01 requiring that an appealable ruling be denominated a "judgment" was intended to "assist the litigants and the appellate courts by clearly distinguishing between *when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue." City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997). Thus, the trial court should denominate a ruling a judgment *only* when the trial court actually intends for the ruling to be considered final and appealable. *See id.* To the extent that a court inappropriately bows to a party's request that an interlocutory ruling be denominated a judgment, the court may find it is wasting the time and expenses of the litigants.

This was a dismissal without prejudice specifically addressed to pleading issues. Regardless of the inherently contradictory language of the trial court ruling referring to the dismissal as a "judgment," this is not a final judgment appealable under section 512.020 and Rule 74.01. In its dismissal, the trial court was not attempting to address the merits of plaintiff's claims, but only the pleading deficiencies. Appeal dismissed.